UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARINA COSTANTIN,

                     Plaintiff,

    -v-

NEW YORK CITY FIRE DEPARTMENT,

                    Defendant.

ORDER
06 Civ. 04631 (GBD)(THK)

GEORGE B. DANIELS, District Judge:

      Plaintiff Karina Costantin brings this action against the New York City Fire Department alleging various acts of discrimination against her based on her national origin and citizenship. Plaintiff further alleges that she was subjected to a hostile work environment and unlawful retaliation. She brings these claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., ("Title VII") as well as the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, §§ 8-101 et seq. ("NYCHRL"). Defendant subsequently filed a Motion for Summary Judgment. This Court referred the matter to Magistrate Judge Theodore H. Katz for a Report and Recommendation. Magistrate Judge Katz issued a Report and Recommendation ("Report") recommending that the Defendant's Motion for Summary Judgment be granted in part and denied in part. The Court adopts the Report's recommendation that the Defendant's Motion for Summary Judgment be granted in part and denied in part.

      The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a <u>de novo</u> determination of those portions of the Report to which objections are made. <u>Id.</u>; <u>see also</u> <u>Rivera v. Barnhart</u>, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. <u>See</u> Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

required, however, that the Court conduct a <u>de novo</u> hearing on the matter.  See <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980).  Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made.  <u>Nelson v. Smith</u>, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting <u>Hernandez v. Estelle</u>, 711 F.2d 619, 620 (5th Cir. 1983)).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  <u>Adee Motor Cars, LLC v. Amato</u>, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Katz properly determined that the Defendant's summary judgment motion should be <u>granted</u> on Plaintiff's 1) Title VII and NYCHRL discrimination claims based on being excluded from the forgivable loan program and her negative performance evaluation and 2) Title VII and NYCHRL retaliation claims based on the alleged retaliatory disciplinary charges filed against her and her placement on restricted duty.  Magistrate Judge Katz further properly determined that the Defendant's summary judgment motion should be <u>denied</u> on Plaintiff's 1) Title VII and NYCHRL claims based on a hostile work environment and 2) Title VII and NYCHRL retaliation claims based on the refusal to upgrade her to Paramedic, and the "unratable" performance evaluation accompanying her application.

As to Plaintiff's allegations regarding exclusion from the forgiveness loan program, Magistrate Judge Katz correctly determined that Plaintiff's Title VII complaint was untimely and thus should be dismissed with prejudice.  Magistrate Judge Katz further determined that although Plaintiff filed her complaint for the discrimination claims under the NYCHRL within the three-year statute of limitations, she failed to provide sufficient evidence to meet her burden that the Defendant acted with illegal motive.  Thus, dismissal of this claim is warranted.  Magistrate Judge Katz also determined that Plaintiff's allegations regarding her July 2004 performance evaluation failed to demonstrate an adverse employment action, thus her claims under Title VII

and the NYCHRL should be dismissed. Magistrate Judge Katz further determined that Plaintiff waived her right to assert her Title VII and NYCHRL claims based on the February 2005 disciplinary charges when she signed an agreement resolving charges that the Bureau of Investigations and Trials ("BIT") BIT brought against her. Similarly, Magistrate Judge Katz determined that Plaintiff provided insufficient evidence from which a reasonable jury could find that BIT's decision to place her on restricted duty was retaliatory. As such, this claim was properly dismissed.

Magistrate Judge Katz determined that Plaintiff's hostile work environment claims raised a disputed issue of fact. Similarly, Magistrate Judge Katz determined that a reasonable jury could find that the Defendant was substantially motivated by retaliation in their August 2005 performance evaluation and denial of Plaintiff's request to be upgraded to paramedic. Therefore, Magistrate Judge Katz correctly denied summary judgment on these claims.

In his report, Magistrate Judge Katz advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Defendant's request for an extension to file objections was granted by the Court. Defendant timely filed objections to the Report arguing that the facts indisputably weigh in their favor. Plaintiff submitted a response to the objections to the Report. This Court has examined the objections and finds them to be without merit. Accordingly, the Court adopts the Report in its entirety.

Dated:   New York, New York
         September 21, 2009

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge